OPINION
{¶ 1} Attorney John V. McCoy is appealing a decision of the Montgomery County Common Pleas Court revoking his pro hac vice status.
 {¶ 2} On August 24, 1999, an explosion occurred at the newly-constructed residence of Plaintiffs-Appellees Melissa and Kurt Reason. The Reasons filed suit against Defendants-Appellants George E. Kuhn Co., Thomas Kuhn, and William H. Kuhn (hereinafter collectively "Kuhn") for damages and injuries sustained as a result of Kuhn's negligence. Kuhn had installed and was the provider for the propane gas system that was the heat source for the fireplace and the premises.
 {¶ 3} On September 20, 2001, Kuhn filed a motion to admit attorney John V. McCoy pro hac vice. McCoy was admitted to represent Kuhn on a pro hac vice basis on September 25, 2001.
 {¶ 4} Numerous cross-claims and third-party complaints were filed in this case. Because of the complexity of this litigation, the cases were consolidated and some of the parties were referred to mediations in April and May of 2003. Some of the parties' claims were resolved as a result of this mediation process.
 {¶ 5} Following the mediations, on June 10, 2003, McCoy directed a letter to Jane M. Lynch, counsel for the Reasons and Auto Owners Ins. Co. and copied the other attorneys involved in the case, some of whom were not present during the mediations. As a result, Lynch filed a motion to revoke McCoy's pro hac vice status on June 10, 2003. The motion stated that McCoy's letter had revealed confidential information, learned through the mediations, regarding defense counsel's negotiation strategies and defense settlement positions and other communications. Such disclosures violated the confidentiality of the mediation process pursuant to R.C. 2317.023.
 {¶ 6} McCoy responded to the trial court on June 17, 2003, and a hearing was held on June 27, 2003. The trial court granted the motion to revoke McCoy's pro hac vice status. McCoy now appeals that ruling, asserting one assignment of error.
 {¶ 7} "The trial court erred in revoking the pro hoc vice admission of attorney John McCoy."
 {¶ 8} McCoy asserts that he did not engage in egregious misconduct that would reasonably justify the trial court's revocation of his pro hac vice status. McCoy claims that the disclosures made in the letter in question were "initiated" by Lynch, and thus were not designated as "confidential."
 {¶ 9} "A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it."Royal Indemnity Co. v. J.C. Penney Co. (1986),27 Ohio St.3d 31, 35, 501 N.E.2d 617. The right of an out-of-state attorney to appear as counsel in an Ohio court is not an absolute right, but is a matter of discretion of the trial court. Id. at 33. The Ohio Supreme Court stated that the power to revoke such status is part of a court's "inherent power to regulate the practice before it and protect the integrity of its proceedings." Id. at 33-34.
 {¶ 10} An appellate court will not reverse a trial court's decision to revoke an attorney's pro hac vice status unless the trial court abused its discretion. Id. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Calderon v. Sharkey (1982), 70 O.St.2d 218,219-220, 436 N.E.2d 1008 (quoting State v. Adams (1980),62 O.St.2d 151, 404 N.E.2d 144. "In order for revocation to be appropriate, however, there must be sufficient evidence before the trial court to support a finding of conflict of interest, egregious misconduct, or another circumstance justifying the exercise of that discretion." In re N. Ohio Tireworkers (1993),92 Ohio App.3d 69, 75, 634 N.E.2d 249.
 {¶ 11} In this case, the trial court found that McCoy had revealed confidential information to all parties in the case disclosed as a result of mediations involving only a few of the parties. This deliberate disclosure of confidential information resulted in disclosure to several attorneys, with whom Lynch was still engaging in negotiations. The trial court found that such disclosure was improper, and constituted egregious conduct warranting revocation of McCoy's pro hac vice status to protect the integrity of the court.
 {¶ 12} We agree, and for the following reasons we do not find that the trial court abused its discretion. The testimony at the hearing reveals that following the mediations, McCoy drafted a letter on June 10, 2003 to Lynch and copied all lawyers in the case. The letter disclosed certain liability positions of the various defendants, in particular Auto Owners. Specifically, during the mediations, McCoy learned that Lynch's insurance carrier, Auto Owners, was going to waive its $265,000 subrogation claim. Following the mediations, on May 29, 2003, Lynch sent a letter to certain counsel withdrawing the lien waiver. McCoys' June 10, 2003 letter was in reference to Lynch's letter, in an effort to pressure Lynch to rescind her withdrawal of the lien waiver. McCoy, however, extended the copies he sent to more than just the parties involved in the mediations.
 {¶ 13} McCoy testified that he believed such information had been discussed outside the mediations, and that he had not intended to violate any rules of confidentiality. To the contrary, two other plaintiffs-attorneys on the case, Gary J. Leppla and Jeannette A. Dannenfelser, testified that they had first become aware of the settlement disclosures from the contents of the letter, as neither attorney had been involved in the mediation process.
 {¶ 14} The relevant statute at issue, R.C. 2317.023(B), states that "[a] mediation communication is confidential," and "no person shall disclose a mediation communication in a civil proceeding or in an administrative proceeding." Lynch testified that the parties to the mediations, including McCoy, were under "explicit instructions by the mediators not to reveal communications of other parties to other persons."
 {¶ 15} Regarding McCoy's conduct, the trial court stated on the record following the evidentiary hearing, "My concern is more the integrity of this Court and this process, to be blunt, and I am not going to permit someone at the last minute to sabotage the efforts of everybody else involved and that's my concern, whether it's intentional or not, it's sabotaging the efforts of everyone involved and it absolutely compromises the integrity of this court, period."
 {¶ 16} McCoy focuses most of his argument around the definition of "egregious," and claims that his conduct did not amount to such. Upon review of the evidence, we find sufficient support for the finding that McCoy destroyed the integrity of the mediation process by failing to hold certain disclosures confidential. There is evidence that McCoy purposefully set out to disclose such information to put pressure on Lynch to continue with her waiver of the subrogation funds. Such a disclosure interfered with opposing counsel's right to conduct settlement negotiations as she saw fit. We see no abuse of discretion in the trial court's finding that by these disclosures McCoy sought to "sabotage" the negotiations, thus amounting to egregious misconduct which could taint and diminish the integrity of future proceedings and settlements.
 {¶ 17} We also overrule McCoy's argument that revocation of his pro hac vice status was unreasonable because appellees suffered no prejudice. We assume that McCoy is referring to Lynch's testimony at the hearing that McCoy did not "ultimately hurt [her] in [her] negotiations" because he was "wrong" about a lot of the information he disclosed in the letter. We must disregard this argument because the trial court focused its decision upon McCoy's failure to act in an appropriate manner in the court, as he jeopardized the integrity of the trial court by disclosing information he received during the mediations.
 {¶ 18} Finally, in his reply brief, McCoy argues that revocation of his pro hac vice status was unreasonable because it interfered with Kuhn's right to choose who represented them in this case. We note that the Kuhns have also been represented by local counsel throughout the case, and thus have been adequately represented by counsel of their choosing.
 {¶ 19} Based upon the above discussion, we must overrule McCoy's assignment of error.
 {¶ 20} Accordingly, the judgment of the trial court is affirmed.
Brogan, J. and Wolff, J., concur.